**William R. WILSON, Appellant,**

v.

**STATE OF CALIFORNIA, Robert A. Heinze, Warden, Folsom State Prison, Represa, California, Arthur L. Oliver, Acting Warden et al., Appellees.**

No. 20659.

United States Court of Appeals Ninth Circuit.

Nov. 16, 1966.

William R. Wilson, in pro. per.

Thomas C. Lynch, Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Edsel W. Haws, Deputy Atty. Gen., Sacramento, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

This appeal is taken from a denial of habeas corpus. The writ was sought from the District Court on two grounds: (1) that appellant was denied his right to a speedy trial; (2) that incriminating statements introduced in trial were secured without advising him of his right to counsel or to remain silent, contrary to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

 The first ground was considered by the Supreme Court of California on direct appeal. People v. Wilson, 60 Cal. 2d 139, 32 Cal.Rptr. 44, 383 P.2d 452 (1963). In rejecting appellant's contention the court stated grounds we find persuasive. 60 Cal.2d at 154, 32 Cal. Rptr. at 54, 383 P.2d at 462:

"In the case at bench defendant has not shown—nor does it appear that he could show—that he was in any way prejudiced by the setting of his trial for a date approximately two months beyond the last day to which he had consented. At the time of his objection to such setting, more than seven months had already elapsed since the filing of the information, due in most part to numerous continuances granted at defendant's request or with his consent; and defendant fails to demonstrate how a further delay of less than one-third of that duration could have affected in any respect the fairness of his subsequent trial."

The second ground is without merit for the reason that Escobedo is not to be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Affirmed.